UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT CRUM,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF MINNESOTA,<br><br>    Respondent. | Civil No. 05-2363 (DSD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be DISMISSED WITHOUT PREJUDICE.

The Court reviewed Petitioner's initial submissions shortly after this action was commenced, and found them to be inadequate in several respects. Most notably, Petitioner did not show that he had exhausted his state court remedies, he did not show that his petition was timely, and he failed to pay the $5 filing fee for this action.  Therefore, by order dated October 12, 2005, (Docket No. 2), Petitioner was ordered to (1) file an affidavit showing that he has fully exhausted every possible state court remedy with regard to each claim raised in his current habeas corpus petition, (2) file an affidavit and memorandum explaining why his petition should not be summarily dismissed due to untimeliness, and (3) pay the full $5.00 filing fee for this action, or file an application seeking leave to proceed in forma pauperis, ("IFP").  The Court's order expressly advised Petitioner that this action would be subject to

summary dismissal if he did not comply with <u>all three</u> of the requirements set forth in the order within twenty (20) days.

The deadline for complying with the prior order has now expired, and the Court finds that Petitioner has not satisfied the requirements of that order. Petitioner has made a feeble effort to show that his petition should not be dismissed due to non-exhaustion or untimeliness, (Docket No. 3), but he has not tendered any filing fee or IFP application.

Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). <u>See</u> <u>also</u> <u>Link v. Wabash Railroad Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

---

[1] Because this action is to be dismissed without prejudice, Petitioner could file another habeas corpus action in the future. It is clear, however, that any new habeas petition will ultimately be denied. Petitioner's most recent submissions show that he has not exhausted his state court remedies for any of his current claims, as none of them has been properly raised and adjudicated on the merits in the state courts. Petitioner apparently believes that he can overcome his non-exhaustion problem by claiming "ineffective assistance of counsel," but that argument will not work, because Petitioner has not raised ineffective assistance of counsel, <u>as an independent claim</u>, in a properly filed state post-conviction motion. <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citations omitted).

It is also clear that Petitioner is now time-barred from seeking federal habeas corpus relief, because he did not seek such relief during the first year after his conviction and sentence became final. Furthermore, he cannot rely on the statute of limitations' "tolling clause," (28 U.S.C. § 2244(d)(2)), because (a) he never initiated a <u>procedurally proper</u> state post-conviction proceeding, (but erroneously sought relief in the state appellate court, rather than the trial court), and (b) <u>he did not even attempt to initiate a state post-conviction proceeding until long after the one-year federal statute of limitations had already expired</u>.

Therefore, while the dismissal of this action will not, by itself, automatically bar Petitioner from again seeking habeas corpus relief, it is readily apparent that any future

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: November 9, 2005

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 23, 2005.

---

federal habeas petition will have to be summarily denied.

3