UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2363(DSD/AJB)

Robert Crum,

        Petitioner,

v. **ORDER**

State of Minnesota,

        Respondent.


This matter is before the court upon petitioner Robert Crum's objections to the report and recommendation of Magistrate Judge Arthur J. Boylan, dated November 9, 2005. In his report, the magistrate judge recommended that petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice.[1] Following a de novo review of the magistrate judge's findings and recommendations, 28 U.S.C. § 636(b)(1)(C), the court adopts the report and recommendation in part.

---

[1] Specifically, the magistrate judge recommended that the § 2254 petition be dismissed without prejudice due to petitioner's failure to comply with the magistrate judge's order dated October 12, 2005. The magistrate judge indicated that petitioner had not tendered the necessary filing fee or an application to proceed in forma pauperis. However, the court notes that petitioner paid the applicable $5.00 filing fee on November 3, as required by the October 12 Order. Therefore, the court will not deem petitioner to have abandoned the action.

**BACKGROUND**

Petitioner pleaded guilty in Minnesota State District Court to a second-degree controlled substance crime on September 5, 2003, and was subsequently sentenced to 88 months imprisonment. He did not appeal his conviction or sentence. He thereafter filed a petition for post-conviction relief directly with the Minnesota Court of Appeals. However, that petition should have been filed in the appropriate Minnesota state district court. See Minn. Stat. § 590.01 subd. 1. The Minnesota Court of Appeals notified petitioner that the court was without jurisdiction to entertain the petition. (See Crum Mem. App. at 1-2.) The court of appeals informed petitioner that post-conviction petitions must be filed in district court and that the court of appeals only had jurisdiction to review a timely filed appeal from a district court's decision on a post-conviction petition. (See id.) In addition, the Minnesota Court of Appeals informed petitioner that his request for a public defender was forwarded to the Minnesota State Public Defender. (See id.)

The state public defender subsequently informed petitioner that, based on the record and the transcript of his plea proceeding, no factual basis existed to support an argument that his guilty plea was coerced. (See id. at 3-4.) The public defender further informed petitioner that under Minnesota law he does not have an absolute right to withdraw his plea. (See id.)

To the court's knowledge, petitioner did not file a petition for post-conviction relief in Minnesota district court. Rather, he now seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on the grounds that his guilty plea was coerced, he was denied effective assistance of counsel and he has been denied the right to appeal.

**DISCUSSION**

Federal habeas relief under 28 U.S.C. § 2254 is available only to those petitioners who are in custody pursuant to a state court judgment and have exhausted their state court remedies. 28 U.S.C. 2254(b)(1)(A); Armstrong v. Iowa, 418 F.3d 924, 925 (8th Cir. 2005). The exhaustion requirement is grounded in principles of comity and federalism. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). If a state court remedy is available to a petitioner and has not been exhausted, a federal court must defer action. Armstrong, 418 F.3d at 926; see also Rhines v. Weber, 125 S. Ct. 1528 (2005). If a state court remedy is not available for an unexhausted claim and resort to state court would prove futile, the claim is considered procedurally defaulted and cannot serve as grounds for federal habeas relief unless a petitioner can demonstrate "'cause and prejudice.'" Armstrong, 418 F.3d at 926 (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996)). If a claim is procedurally

defaulted, a petitioner must establish either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Based on the record before the court, petitioner has not filed a petition for post-conviction relief in state court. See Minn. Stat. 590.01 subd. 1; James v. State, 699 N.W.2d 723, 728 (Minn. 2005). He has therefore failed to exhaust available state court remedies. In Minnesota, a petition for post-conviction relief may be filed up to two years after the entry of judgment of conviction or sentence. See Minn. Stat. § 590.01 subd. 4. The court is not able to conclusively determine whether petitioner's claims are procedurally defaulted due, in part, to his failure to attempt to file a state post-conviction petition.[2] However, the court need not resolve the issue of procedural default. Petitioner has not established cause for any procedural default or resultant prejudice. Further, the court finds that dismissing the petition

---

[2] Minnesota courts recognize a "commitment to convicted defendants' rights to at least one substantive review," and thus seem to flexibly determine whether a post-conviction petition warrants substantive review despite delay. See James, 699 N.W.2d at 727 (collecting cases and addressing merits of post-conviction petition despite thirty-nine month delay).

will not result in a "fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 70.  Therefore, the § 2254 petition is dismissed for failure to exhaust state court remedies.

## CONCLUSION

Following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge in part.  Therefore, **IT IS HEREBY ORDERED** that petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Doc. No. 1] is dismissed without prejudice.

Dated:  January 9, 2006

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court